## Moglosky v. The Pennsylvania Rd. Co.

*Negligence — Interstate and intrastate employe — Ohio law controls, when — Failure to promulgate safety rules — Not actionable negligence, when — Failure to furnish customary safety appliances — Ordinary care — Question for jury.*

1. In the absence of proof that an employe is engaged in interstate commerce, the presumption obtains that the law of the forum controls the rights of the parties to the litigation.

2. The failure of an employer to promulgate rules for the safe accomplishment of work assigned to an employe, is not *per se* sufficient to constitute actionable negligence.

3. Whether the omission of an employer to furnish safety appliances for the safe prosecution of work assigned to an employe, such as a screen or goggles for the eyes which are customarily supplied by other employers under similar circumstances, amounts to a failure to use ordinary care for the safety of an employe, is a question of fact for the jury.

(Decided February 25, 1918.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Strong, Desberg, Bernstein & Mooney,* for plaintiff in error.

*Messrs. Squire, Sanders & Dempsey,* for defendant in error.

Lieghley, J. The parties stood in the same order in the court below. Plaintiff, George L. Moglosky, filed his petition claiming damages for injuries which he says he sustained while in the employ of the defendant company. He says that he was engaged in the repair department of the local shops of the defendant company; that he and one Nelson were engaged in cutting rivet heads; that he was using an eight-pound hammer, with

which he struck the head of a chisel held and guided by Nelson, in their work of cutting rivets; and that while so engaged a sliver was propelled into his eye, injuring it and thereby causing him to lose his eye.

Proof was offered tending to support two allegations of negligence. First, that the defendant failed to promulgate rules and regulations for the safe accomplishment of the work assigned to plaintiff to do. Second, that it was a custom for employers to provide screens or goggles for those employes continuously engaged in the work assigned to plaintiff to do.

The defendant's answer contained a general denial, and the further claim that at the time the plaintiff was injured he was engaged in interstate commerce, or doing such work that the same constituted him an interstate commerce employe.

The case proceeded to trial with the intervention of a jury. At the close of plaintiff's evidence, a verdict was directed for the defendant upon the ground that the proof failed to show any negligence on the part of the defendant, and that if there was error in this conclusion then plaintiff was deemed to have assumed the risk of the employment in which he was engaged.

The proof offered on behalf of plaintiff failed to show that he was an interstate commerce employe. In the absence of such proof, the presumption obtains that the law of the forum controls the rights of the parties to the litigation— the law of Ohio applies. *Erie Railroad Co.* v. *Welsh,* 89 Ohio St., 81.

This court, as then constituted, decided February 24, 1914, in the case of *The Pennsylvania Company* v. *Patrick O'Boyle,* that employes engaged in intrastate commerce were protected by the Workmen's Compensation Act, and this court, as now constituted, feels thereby precluded from a different holding. If this decision be correct, then the defenses of assumption of risk and contributory negligence are not available to the defendant in this case. The sole question remaining is whether or not the defendant was negligent in either one or more particulars charged in the petition, and whether such negligence so found proximately caused the injuries of which the plaintiff complains.

Proof was offered tending to show that the defendant did not promulgate any rules or regulations for the doing of this work. Standing alone, we doubt if this is sufficient to constitute actionable negligence. If a rule had been established requiring the plaintiff to wear goggles, and he had disobeyed the order, his right to recover would be very doubtful, inasmuch as he would thereby be predicating a right to recover upon his disobedience of a reasonable rule. *The N. Y., C. & St. L. Rd. Co.* v. *Ropp,* 76 Ohio St., 449.

The only question remaining is whether the evidence tending to show that it was a custom among employers to provide goggles for employes continuously engaged in the same or similar work imposed any duty on the defendant. It was the duty of the defendant to provide a reasonably safe place and reasonably safe conditions in and under which to do the work assigned to the plaintiff.

Did the omission of the defendant to furnish a screen or goggles for the plaintiff, as the evidence discloses it was the custom of other employers to do under similar circumstances, amount to a failure to use ordinary care for the safety of plaintiff? The question is not what risks did the servant assume, but, rather, was the master negligent? This is one inquiry in all cases in which the employer has failed to comply with the compensation act. The risks incident to the employment may be considered not for the purpose of deciding what the plaintiff assumed in the ordinarily careful performance of the work, but in the determination of whether or not the employer omitted any duty.

The plaintiff was engaged in wielding an eight-pound hammer in his work of striking a chisel in the hand of Nelson, with the object in view of cutting rivet heads, and was continuously engaged in this work for some time theretofore. It is a circumstance that no rules or regulations were promulgated, which other employers did. The custom of other employers to furnish protection is undisputed. A sliver of iron at least partially destroyed plaintiff's eyesight. Was this happening one that should have been anticipated by the defendant in the exercise of ordinary care? We seriously doubt if all reasonably prudent persons would answer this question, under the facts and circumstances in this case, in the same way. In fact, we do not think they would. We think this case should have been submitted to the jury.

The judgment of the court below is reversed for error in directing a verdict for defendant at the

close of plaintiff's evidence and the cause is remanded for further proceedings according to law.

*Judgment reversed, and cause remanded.*

GRANT, J., concurs.
DUNLAP, J., not participating.